UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE PITTALUGA,<br><br>   Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 18-cv-03067-VC<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 25, 27 |

  Pittaluga's motion for summary judgment is granted. The Commissioner's cross-motion is denied. The case is remanded to the Social Security Administration to further develop the record about the effect of Pittaluga's methamphetamine use on her concurrent mental health conditions.

  The ALJ's conclusion that Pittaluga's limitations would not be disabling in the absence of her methamphetamine use is not supported by substantial evidence. 20 C.F.R. §§ 404.1535(a), 416.935(b)(2)(ii). The ALJ first concluded that Pittaluga had established severe mental impairments caused by affective disorder, anxiety disorder, and substance abuse disorder, in addition to physical limitations, and that Pittaluga would be disabled if all of her conditions were considered. AR 20–21. In concluding that Pittaluga's impairments would not independently establish disability in the absence of her drug use, the ALJ relied exclusively on Pittaluga's mental status examinations during a short period of incarceration. AR 23, 28–29.

  It seems doubtful that jail records would provide the most accurate portrayal of a claimant's mental health conditions. An inmate may have incentives not to give truthful information, and because the jail environment is highly structured, it may be difficult to

meaningfully assess a person's ability to cope with the ordinary demands of everyday life from jail records alone. But even putting these concerns to one side, the records do not provide substantial evidence of materiality. They represent three days in Pittaluga's long treatment history. They also reflect that Pittaluga "appear[ed] to be depressed," was "tearful" during her initial evaluation and "had problems with her recall." AR 489. The treatment history is also replete with benign findings from mental status examinations that were administered while Pittaluga was using drugs, yet the ALJ found that Pittaluga was disabled during those periods.

Moreover, the current record does not permit any reasoned conclusion as to whether abstention from drug use would resolve Pittaluga's impairments. None of the medical providers credited by the ALJ discussed this question, or the impact of methamphetamine use on concurrent mental health disorders more broadly. *Cf. Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (finding substantial evidence to support ALJ's non-disability finding where medical expert testified that alcohol abstention generally ameliorates cirrhosis until it becomes irreversible); *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1181 (remanding case for the ALJ to "solicit opinions from plaintiff's treating physicians and/or have a medical expert" provide evidence as to the impact of claimant's drug use).

To be sure, the claimant bears the burden of establishing disability. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). But the ALJ has a concurrent duty to "fully and fairly develop the record and to assure claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). In addition, the Social Security Administration has determined that there's no absolute requirement that a claimant present evidence from a period of abstinence to meet her burden of proving disability. SSR 13-2P, *available at* 2013 WL 621536, at *3 (Feb. 20, 2013). Although this means that the ALJ's materiality determination "will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped … the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other." *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).

The case is reversed and remanded to the Commissioner for further administrative

proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014); 42 U.S.C. § 405(g). On remand, the ALJ may reopen the administrative record and accept any additional evidence as appropriate. Because the case is remanded for the reasons stated, the Court declines to reach Pittaluga's alternative grounds for remand. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

**IT IS SO ORDERED.**

Dated: July 5, 2019

VINCE CHHABRIA
United States District Judge